UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY J. PETERKIN,

Plaintiff,

v.

7:11-CV-0661
(MAD/GHL)

CINDY F. INTSCHERT,
WALTER HAFNER,

Defendants.

APPEARANCES

ANTHONY J. PETERKIN,
Plaintiff *pro se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

GEORGE H. LOWE, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent Plaintiff's *pro se* complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I order that Plaintiff's *in forma pauperis* application is granted, recommend that the claims against Defendant Walter Hafner be dismissed with prejudice on the basis of judicial immunity, and recommend that the claims against District Attorney Cindy F. Intschert be dismissed with leave to amend.

## I. SUMMARY OF PLAINTIFF'S COMPLAINT

In his *pro se* complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff names two Defendants: District Attorney Cindy F. Intschert and Jefferson County Court Judge Walter Hafner. (Dkt. No. 1.) Plaintiff alleges that he was "arrested without probable cause on 4 March 2011 by Cindy F. Intschert and then maliciously prosecuted. Case dismissed in my favor, May 2011. Then other charges

dismissed for failure to prosecute June 30, 2011." *Id.* at 4. Plaintiff's complaint lists two causes of action: (1) "False arrest/imprisonment" because his "arrest was effected without probable cause" in violation of the Fourth Amendment; and (2) malicious prosecution because "Defendants acted under color of law to maliciously prosecute [him] because [he] was a *pro se* defendant whom had defeated them on numerous occasions . . ." *Id.* at 5. Plaintiff requests $3.5 million in damages. *Id.* at 6.

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

## III. SUFFICIENCY OF PLAINTIFF'S COMPLAINT

28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that an action states a

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

claim and that the claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

A. Failure to State a Claim

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

1. *False Arrest*

The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 are the same as those for a false arrest claim under New York law. *Kraft v. City of New York*, 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (punctuation and citation omitted). Where an officer has probable cause to arrest a plaintiff, the confinement is

privileged. *Id*. at 76.

Regarding the false arrest claim, the complaint alleges, in full, that Plaintiff was "arrested without probable cause on 4 March 2011 by Cindy F. Intschert and then maliciously prosecuted. Case dismissed in my favor, May 2011. Then other charges dismissed for failure to prosecute June 30, 2011." (Dkt. No. 1 at 4.)

The complaint does not state a claim against Defendant Hafner for false arrest. Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, the complaint does not plead any facts plausibly suggesting that Defendant Hafner was personally involved in Plaintiff's arrest. Therefore, I recommend that the false arrest claim against Defendant Hafner be dismissed.[3]

If the Court accepted Plaintiff's cursory allegation that Defendant Intschert acted without probable cause when she arrested him as true, the complaint would state a sufficient false arrest claim against Defendant Intschert to survive initial review. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Here, although Plaintiff cursorily asserts that Defendant Intschert acted

---

[3] As discussed below, Defendant Hafner is entitled to absolute judicial immunity. Therefore, I recommend that the claims against him be dismissed with prejudice.

without probable cause, he does not allege any facts plausibly suggesting that she lacked probable cause. Therefore, I recommend that the Court dismiss the false arrest claim against Defendant Intschert with leave to amend.

2. *Malicious Prosecution*

In order to maintain a § 1983 claim for malicious prosecution, a plaintiff must plead facts plausibly suggesting that (1) the defendant initiated a prosecution against the plaintiff; (2) the defendant lacked probable cause to believe the proceeding could succeed; (3) the defendant acted with malice; (4) the prosecution was terminated in the plaintiff's favor; and (5) there was a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Authority*, 215 F.3d 208, 215 (2d Cir. 2000).

Regarding malicious prosecution, Plaintiff alleges that "Defendants acted under color of law to maliciously prosecute [him] because [he] was a *pro se* defendant whom had defeated them on numerous occasions . . ." (Dkt. No. 1 at 5.) Plaintiff does not plead any facts plausibly suggesting that he suffered any post-arraignment liberty restraint. Plaintiff does not state whether he was ever arraigned or, if he was, that his liberty was restrained after his arraignment. Therefore, I recommend that Plaintiff's malicious prosecution claim be dismissed.

As discussed below, any claims against Defendant Hafner should be dismissed with prejudice on the basis of judicial immunity. Thus, the Court should not allow Plaintiff leave to amend the malicious prosecution claim against Defendant Hafner. However, I recommend that Plaintiff be granted leave to amend the malicious prosecution claim as to Defendant Intschert.

B. Immunity

As mentioned above, "the court shall dismiss the case at any time if the court determines that . .

. the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, I recommend that the Court dismiss all claims against Defendant Hafner with prejudice under the doctrine of judicial immunity. However, I find that the face of the complaint does not show that Defendant Intschert is entitled to prosecutorial immunity at this point in the litigation.

1. *Prosecutorial Immunity*

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case. . . ." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (punctuation and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity applies when prosecutors "act[] as advocates and when their conduct involves the exercise of discretion." *Flagler v. Trainor*, __ F.3d ___, No. 10-4081-cv, 2011 U.S. Dist. LEXIS 23254, at *8-9, 2011 WL 5829660, at *3 (2d Cir. Nov. 21, 2011). It does not, however, apply where the complaint alleges that the prosecutor engaged in conduct "unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness." *Id.* The Supreme Court has held that prosecutors are not entitled to absolute immunity when they act as complaining witnesses because that is "an act that any competent witness might have performed." *Kalina v. Fletcher*, 522 U.S. 118, 129-30 (1997). The act is, therefore, "not intimately associated with a prosecutor's duty to advocate." *Flagler*, 2011 WL 5829660, at * 3.

The Court cannot determine on the basis of the cursory facts alleged in the complaint whether or not Defendant Intschert was acting as an advocate. Pending possible amendment of the claims against Defendant Intschert, I express no opinion about whether prosecutorial immunity bars the claims against

her.

2. *Judicial Immunity*

The face of Plaintiff's complaint shows that it is barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson*, 386 U.S. at 553-554). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, the complaint involves Defendant Hafner's exercise of his judicial functions. Therefore, I recommend that the complaint as to Defendant Walter Hafner be dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that all claims against Defendant Hafner be dismissed with prejudice on the basis of judicial immunity; and it is further

**RECOMMENDED** that the claims against Defendant Intschert be dismissed with leave to amend within thirty days of any Order adopting this Report-Recommendation; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: December 6, 2011
Syracuse, New York

George H. Lowe
United States Magistrate Judge