**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY J. PETERKIN,**

                            **Plaintiff,**

    vs.                                                                                              7:11-cv-661
                                                                          (MAD/GHL)

**CINDY F. INTSCHERT, District Attorney, and**
**WALTER HAFNER, Jefferson County Court**
**Judge,**

                            **Defendants.**
_____

**APPEARANCES:**                                                       **OF COUNSEL:**

**ANTHONY J. PETERKIN**
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

In a civil rights complaint dated May 9, 2011, Plaintiff *pro se* alleges that Defendants violated Fourth Amendment rights to be free from false arrest and malicious prosecution. *See* Dkt. No. 1. Specifically, Plaintiff alleges that he was "arrested without probable cause on 4 March 2011 by Cindy F. Intschert then maliciously prosecuted. Case dismissed in my favor, May 2011. Then other charges dismissed for failure to prosecute June 30, 2011." *See id.* at 4.

In an Order and Report-Recommendation dated December 7, 2011, Magistrate Judge Lowe recommended that the Court dismiss without prejudice Plaintiff's false arrest and malicious prosecution claims against Defendant Intschert for failure to state a claim and that the Court dismiss Plaintiff's claims against Defendant Hafner with prejudice on the basis of judicial

immunity.  *See* Dkt. No. 4 at 3-7.  Plaintiff did not object to Magistrate Judge Lowe's Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Lowe's December 7, 2011 Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Lowe correctly recommended that the Court should dismiss the claims against Defendant Intschert without prejudice and dismiss the claims against Defendant Hafner with prejudice on the basis of judicial immunity.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lowe's December 7, 2011 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that all claims against Defendant Hafner are **DISMISSED with prejudice** on the basis of judicial immunity; and the Court further

**ORDERS** that all claims against Defendant Intschert are **DISMISSED with leave to amend**; and the Court further

**ORDERS** that, if Plaintiff wishes to proceed with this action, he shall file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, the Clerk of the Court shall enter judgment **dismissing this action without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order of this Court; and the Court further

**ORDERS** that, upon the filing of Plaintiff's amended complaint, this matter shall be returned to the Court for further review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge